Edward L. and Jean R. BARBOUR,
Petitioners,

v.

**DISTRICT OF COLUMBIA BOARD OF
ZONING ADJUSTMENT, Respondent.**

No. 10078.

District of Columbia Court of Appeals.

Argued April 27, 1976.

Decided June 7, 1976.

Rehearing and Rehearing en Banc
Denied July 27, 1976.

John F. McCabe, Jr., Washington, D. C.,
with whom Norman M. Glasgow and
Whayne S. Quin, Washington, D. C., were
on the brief, for petitioners.

Leo N. Gorman, Asst. Corp. Counsel,
Washington, D. C., with whom Louis P.
Robbins, Acting Corp. Counsel, Washing-
ton, D. C., at the time the brief was filed,
and Richard W. Barton, Asst. Corp. Coun-
sel, Washington, D. C., were on the brief,
for respondent.

Before KELLY, FICKLING and KERN,
Associate Judges.

PER CURIAM:

Petitioners seek review of an order of the
District of Columbia Board of Zoning Ad-
justment [Board] on September 25, 1975,
denying petitioners' application for an area
variance under D.C.Code 1973, § 5–420(3),
from the side yard requirements of section
3305.1 of the Zoning Regulations.[1] The
variance was requested in order to permit
petitioners to build a one-story addition to
their home in Northwest Washington, lo-
cated in an R–1–B district. Petitioners
maintain that the Board incorrectly applied
the standards set forth in *Palmer v. Dis-
trict of Columbia Board of Zoning Adjust-
ment,* D.C.App., 287 A.2d 535 (1972) in re-
viewing their request. We disagree and af-
firm.

In *Palmer,* this court discussed the stand-
ards applicable in reviewing petitions for

1. Petitioners' first application for a variance
in Application No. 11177 was finally rejected
on August 27, 1973. That decision was not
appealed.

area variances. We said there that (at 539):

> To support a variance it is fundamental that the difficulties or hardships be due to unique circumstances peculiar to the applicant's property and not to general conditions in the neighborhood. . . . [Footnote omitted.]

The hardship petitioners raise in this case is the relatively small size of their kitchen, owing to the construction of the house in 1941.[2] The practical difficulties they have encountered in considering enlargement of the kitchen in ways not requiring a variance include increased costs,[3] elimination of either interior living space or back yard space, relocation of existing utilities, and diminishment of the enjoyment of their home.

Petitioners have not shown, however, that these difficulties are unique to their property in particular,[4] or that the added expense and inconvenience inherent in the alternative methods of expansion are unnecessarily burdensome or rise to the level of "peculiar and exceptional practical difficulties." *See Palmer v. District of Columbia Board of Zoning Adjustment, supra* at

539, 542; D.C.Code 1973, § 5–420(3). While petitioners may incur expenses of 50% to 90% more in pursuing these alternative methods of expansion, we have cautioned that, in the commercial context, "a variance cannot be granted where property conforming to the regulations will produce a reasonable income but, if put to another use, will yield a greater return." *Palmer v. District of Columbia Board of Zoning Adjustment, supra* at 542. Increased expense is only one factor to be considered, then, and here that factor was considered, along with the inconvenience to petitioners. Notwithstanding these factors, the very fact that petitioners have at least two alternative ways of enlarging their kitchen, neither of which would require a variance, distinguishes this case from *A.L.W., Inc. v. Distrct of Columbia Board of Zoning Adjustment*, D.C.App., 338 A.2d 428 (1975), relied on by petitioners, and supports the Board's conclusion that this situation does not present "exceptional practical difficulties."

As this court noted in *Palmer v. District of Columbia Board of Zoning Adjustment, supra* at 542, "[t]he nature and extent of the burden which will warrant an area variance is best left to the facts and circum-

---

2. The kitchen measures eight feet by ten feet, and has an average width of three feet with appliances installed. Finding of Fact 2.

3. Expansion of the kitchen inside the house would cost approximately $18,000; expansion into the back yard would cost approximately $14,700; and neither alternative would require a variance. In comparison, expansion into the side yard if the variance were granted would cost approximately $9,500. *See* Findings of Fact 6, 7.

4. Petitioners argue that a showing of uniqueness is not required in area variance applications, citing several New York cases, since unlike use variances, in area variances there is no danger of a change in character of the zoned district which should instead be accomplished by the legislature. However, if the requisite hardship in area variance requests need not be shown to be unique, then all petitioners would be entitled to expand into their side lots and the effect would be a de facto amendment of the zoning regula-

tions, though concededly not a change in the character of the neighborhood. Although this court has followed New York law in some areas, *see A.L.W., Inc. v. District of Columbia Board of Zoning Adjustment*, D.C.App., 338 A.2d 428 (1975), we decline to follow those New York cases cited by petitioners that dispense with a uniqueness requirement. We believe a showing of uniqueness is required by existing case law and statute in the District of Columbia. *See Palmer v. District of Columbia Board of Zoning Adjustment, supra;* D.C.Code 1973, § 5–420(3).

Nor are we persuaded, as petitioners assert, that they have established the existence of unique difficulties in complying with the existing regulation. The fact that an expansion requiring a variance is personally preferable to other methods not requiring variances does not constitute a unique property situation. Further, this case does not present a situation where *no* use could be made of the property absent a variance, as in *A.L.W., Inc. v. District of Columbia Board of Zoning Adjustment, supra.*

stances of each particular case." In this case, the Board's conclusion that a variance was not warranted flows rationally from its findings of fact, and those findings have support in the evidence of record. *See A.L.W., Inc. v. District of Columbia Board of Zoning Adjustment, supra* at 430; *Dietrich v. District of Columbia Board of Zoning Adjustment,* D.C.App., 320 A.2d 282, 285 (1974); *Stewart v. District of Columbia Board of Zoning Adjustment,* D.C.App., 305 A.2d 516, 518 (1973). Since the Board applied appropriate legal standards to the particular facts at hand, its order must be affirmed.

*So ordered.*